Amina ABDUL–AZIZ IBRAHIM, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–73721.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.[*]

Decided Oct. 26, 2004.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM [**]

Amina Abdul–Aziz Ibrahim, a native and citizen of Ethiopia, petitions for review of a decision by the Board of Immigration Appeals affirming, without opinion, an immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a). We review the IJ's determination for substantial evidence, *Ge v. Ashcroft*, 367 F.3d 1121, 1124 (9th Cir.2004), and deny the petition for review.

Substantial evidence supports the IJ's conclusion that even if Petitioner's testimony were taken as true, she failed to estab-

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

lish past persecution or a well-founded fear of future persecution on account of imputed political opinion. The record is devoid of any suggestion that the Ethiopian government imputed to the Petitioner her father's or brother's political views, or that their past political activity would lead to her persecution in the future. Thus, there is no "evidentiary nexus" between Petitioner's family members' past persecution, and her fear of future persecution. *See Belayaneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000).

To the extent Petitioner claims fear of persecution on account of her Oromo ethnicity, she fails to show a particularized risk of persecution. Instead, Petitioner merely cites general conditions of discrimination in Ethiopia, which is not enough to satisfy her burden of proving eligibility for asylum. *See Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.1995).

The IJ's conclusion that Petitioner failed to establish a well-founded fear of future persecution is further supported by the fact that Petitioner's mother and uncles remain in Ethiopia unharmed. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001) ("An applicant's claim of persecution upon return is weakened ... when similarly-situated family members continue to live in the country without incident.").

Because Petitioner did not establish eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Belayaneh*, 213 F.3d at 491. Furthermore, Petitioner is not eligible for relief under the CAT because she failed to show that "it is more likely than not" that she would be tortured

if removed to Ethiopia. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.